IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION<br>NO. 14-55-1 |
| JAMES PRAY | |

**PAPPERT, J.**                                                                  **March 15, 2021**

### MEMORANDUM

James Pray seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Court denies the Motion because extraordinary and compelling reasons do not warrant Pray's release and, in any event, the 18 U.S.C. § 3553(a) factors counsel against granting relief.

### I

In 2015, Pray pled guilty to: (1) one count of Hobbs Act robbery; (2) one count of attempted Hobbs Act robbery; and (3) one count of brandishing, using and carrying a firearm during and in relation to a crime of violence. *See* (Guilty Plea Agreement 1, ECF 97). Pray and his codefendants robbed a Cosi restaurant in Philadelphia and attempted to rob another. *See* (*id.*). During the robberies, Pray held multiple employees and customers at gunpoint with a loaded firearm. *See* (Change of Plea Hr'g Tr. 6:21–24, 7:4–6, 42:1–43:17, 44:16–21, 45:13–20); (Gov't Resp. to Mot. 2, ECF 169.) Judge Legrome Davis sentenced Pray to a total of 142 months' imprisonment followed by a five-year term of supervised release. (Judgment 2–3, ECF 116.) Pray is incarcerated at FCI Danbury, has served about 99 months of his sentence counting credit for good conduct and is scheduled to be released in January of 2024. (Gov't Resp 5.) He has not committed any disciplinary infractions while in prison. (*Id.*)

1

Pray petitioned the warden at FCI Danbury for compassionate release on December 13, 2020. The warden denied Pray's request. Pray moves for compassionate release, arguing he is overweight and was a smoker before incarceration. (Mot. for Release 5, ECF 167) (Pray claims he has a BMI of 27, which is considered mildly overweight, and he smoked marijuana daily from age 13 to 20.) He also contends the Bureau of Prisons has generally struggled to contain COVID-19 and FCI Danbury has experienced a spike in cases. (*Id.* at 3–5.) And he asserts the 18 U.S.C. § 3553(a) sentencing factors weigh in his favor because he accepted responsibility for his actions and has completed multiple programs and maintained a job in prison. (*Id.* at 6–7.)

In December of 2020, before filing this Motion, Pray tested positive for COVID-19. (*Id.* at 5); (Gov't Resp. 7 n.6); *see* (Gov't Exhibit 61, ECF 170). His BOP medical records show he remained asymptomatic, though he claims now he experiences shortness of breath, slight abdominal pain and diminished taste and smell. (Gov't Exhibit at 2, 5–6); (Mot. for Release 5.) The BOP reports that as of today, two staff members and none of FCI Danbury's 644 inmates are confirmed infected with COVID-19. *See* COVID-19, *COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Mar. 14, 2021). To date, 178 inmates including Pray have recovered from COVID-19 at FCI Danbury and, unfortunately, the virus has caused one death at the facility. *Id.*

II

A district court may reduce an inmate's sentence as a form of compassionate release only if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). As the Third Circuit explained, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot

2

independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Rather, a prisoner must show, at a minimum, that his health conditions render him susceptible to COVID-19. *See, e.g.*, *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (noting the government conceded that the prisoner's "health conditions, and the risks they present in light of the COVID-19 outbreak, constitute 'extraordinary and compelling reasons'"). Before releasing an inmate a court must also "consider[ ] the factors set forth in section 3553(a)." *Id.* Relevant factors include "the nature and circumstances of the offense," the "need for the sentence imposed—to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *Id.* § 3553(a)(1), (2)(A).

### III

#### A

Absent evidence of any other risk factors, Pray's slightly elevated BMI of 27 and his history as a marijuana smoker do not justify release. Courts have consistently denied compassionate release to inmates with significantly higher BMI levels and other risk factors. *See, e.g.*, *United States v. Williams*, No. 15-471-3, 2020 WL 4756743, at *5 (E.D. Pa. Aug. 17, 2020) (no extraordinary and compelling reasons where defendant had BMI of 31 and documented history of bronchial asthma); *United States v. Grasha*, — F. Supp. 3d —, 2020 WL 5747829, at *5 (W.D. Pa. Sept. 24, 2020) (obesity and BMI of 48 presented a serious risk but did "not arise to an extraordinary and compelling reason for release"); *United States v. Whitsell*, No. 09-cr-20236, 2020 WL 3639590, at *4 (E.D. Mich. July 6, 2020) ("[O]besity by itself is not sufficient to warrant early release under the compassionate release standard. . . . Other district courts have granted

3

compassionate release only upon a finding of numerous and severe medical conditions that place them at significantly higher risk for severe illness from COVID-19.").

The analysis does not change when the Court pairs Pray's weight with his history as a smoker. *See, e.g.*, *United States v. Ramsey*, No. 14-cr-296, 2021 WL 534470, at \*5 (E.D. Pa. Feb. 12, 2021) (no extraordinary and compelling reasons for former smoker without secondary conditions related to smoking); *United States v. Mathe*, Nos. 14-cr-528, 17-cr-92, 2020 WL 3542177, at \*5 (E.D. Pa. June 30, 2020) (forty-eight-year-old defendant's twenty-year history as a smoker did not establish extraordinary and compelling reasons); *but see United States v. Savage*, No. 09-cr-600, 2021 WL 735778, at \*3–4 (E.D. Pa. Feb. 25, 2021) (extraordinary and compelling reasons established, in part, by defendant's sixteen-year history of smoking two packs of cigarettes per day). To be sure, the CDC lists smoking cigarettes as a risk factor for COVID-19. CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 14, 2021). But Pray does not claim to have smoked cigarettes; he smoked marijuana daily for about seven years and has been drug free for about six. Even assuming smoking marijuana presents the same risk as cigarettes, that would not establish extraordinary and compelling reasons for release. *See United States v. Rager*, No. 2:13-cr-199, 2020 WL 7395324, at \*3 (S.D. Ohio Dec. 17, 2020) (denying release where medical records showed no physical symptoms from defendant's history of smoking two packs of cigarettes a day for twenty-four years and evidence did not demonstrate defendant smoked since 2014 federal detainment); *United States v. Thomas*, No. 15-cr-121-3, 2021 WL 75816, at \*3 (E.D. Pa. Jan. 8, 2021) (no extraordinary and compelling reasons for

defendant who smoked one pack of cigarettes per day and marijuana daily for fourteen years because he had no related conditions and had been smoke-free for six years); CDC, *Health Effects of Cigarette Smoking*, https://www.cdc.gov/tobacco/data_statistics/ fact_sheets/health_effects/effects_cig_smoking/index.htm#reduced-risks (last visited Mar. 14, 2021) (describing the reduced risks associated with quitting smoking).

Pray also makes no showing that he cannot properly manage his purported medical conditions in prison. *See United States v. Bermudez*, No. , 2020 WL 7338556, at *1, 4–5 (E.D. Pa. Dec. 14, 2020) (denying release of defendant suffering from obesity, asthma, high blood pressure, sleep apnea and hypothyroidism where defendant did not establish his conditions were not monitored and appropriately managed by his prison); *United States v. Moldover*, No. 14-637, 2020 WL 6731111, at *9 (E.D. Pa. Nov. 13, 2020) (denying release where defendant had BMI of 27 and his asthma and hypertension appeared under control). He remains overweight, not obese, and describes no secondary conditions or illnesses associated with his prior marijuana use.

Pray's previous experience with COVID-19 does not present an extraordinary and compelling reason for his release either. Numerous courts have denied compassionate release at least partially because a movant already contracted the virus. *See, e.g.*, *United States v. Evans*, No. 13-173, 2020 WL 6144006, at *5–6 (W.D. Pa. Oct. 20, 2020); *United States v. Amico*, No. 19-86, 2020 WL 5407913, at *4 (E.D. Pa. Sept. 9, 2020) (collecting cases); *United States v. Hilts*, No. 11-133, 2020 WL 4450373, at *2 (W.D. Pa. Aug. 3, 2020). Courts have also said that the possibility of reinfection is not an extraordinary and compelling reason for compassionate release, particularly where a defendant presented minor or no symptoms in his first experience with the virus and

5

recovered.[1] *See United States v. Burks*, No. 3:14-cr-208, 2020 WL 4927481, at *3 (W.D.N.C. Aug. 21, 2020) ("Defendant cannot now meet his burden of establishing that his risk is extraordinary and compelling because he has already contracted the virus and escaped unscathed."); *United States v. Logan*, No. 15-cr-027, 2020 WL 3960999, at *2 (W.D.N.C. July 13, 2020) ("The Defendant cannot meet his burden of establishing that his risk of contracting COVID-19 is an extraordinary and compelling reason for a sentence reduction when he has already contracted—and beaten—the virus."). In cases where courts have found a defendant's risk of reinfection supported compassionate release, the prison conditions were worse than what Pray describes at FCI Danbury where there are no confirmed active cases among the inmates and only two confirmed cases among staff. *See, e.g. United States v. Babbit*, — F. Supp. 3d —, 2020 WL 6153608, at *1, 8 (E.D. Pa. Oct. 21, 2020) (granting release from prison that failed to test and isolate defendant during first COVID-19 infection with almost 1,000 reported COVID-19 cases and nine deaths); *United States v. Keys*, No. 2:16-CR-00234-KJM, 2020 WL6700412, at *2–4 (E.D. Cal. Nov. 13, 2020) (granting release from prison where over 570 of approximately 700 total inmates were infected and ten inmates died from COVID-19); *see also United States v. Mata*, No. 15-cr-44, 2021 WL 851876, at *2 (D. Or. Mar. 5, 2021) (no extraordinary and compelling reasons, in part, because FCI Danbury is controlling the spread of COVID-19); *United States v. McKay*, No 18-cr-339, 2021 WL 807108, at *4 (S.D.N.Y Mar. 3, 2021) (noting that 121 staff members and 76 inmates at FCI Danbury are fully vaccinated).

---

[1] Although Pray contends he suffers lingering effects from his bout with COVID-19, his medical records do not support that claim.

B

Even if extraordinary and compelling reasons did exist for Pray's release, the 18 U.S.C. § 3353(a) factors counsel against releasing him. *See Pawlowski*, 967 F.3d at 331 (affirming denial of compassionate release for at-risk inmate because "the § 3553(a) factors weigh[ed]" against release). Pray earned his sentence by carrying out multiple armed robberies in a week. (Gov't Resp. 24.) In the first robbery, Pray brandished a gun and held two employees at gunpoint. (Change of Plea Hr'g Tr. 6:21–24, 42:1–43:17); (Gov't Resp. 24.) When he was arrested the day of the second robbery, police found him in possession of a loaded firearm. (Change of Plea Hr'g Tr. 41:13–25.) Given the violent and extremely dangerous nature of Pray's offenses, releasing him after serving 70 percent of his sentence would be inconsistent with the seriousness of his crimes and fail to promote respect for the law or provide just punishment for his actions. *See* 18 U.S.C. § 3553(a)(1), (2)(A); *see also United States v. Spivey*, 471 F. Supp. 3d 621, 623 (E.D. Pa. 2020) (denying compassionate release to defendant who served 75 percent of sentence for string of armed robberies); *United States v. Ishmael*, No. 12-cr-155, 2021 WL 567747, at *7 (E.D. Pa. Feb. 16, 2021) (denying release based on "the magnitude of [the] crimes" where defendant served 70 percent of sentence); *but see United States v. Parsons*, No. 12-cr-399-5, 2020 WL 7181119, at *2 (E.D. Pa. Dec. 7, 2020) (granting compassionate release to defendant who served 70 percent of sentence for non-violent offense). Judge Davis sentenced Pray with the § 3553(a) factors in mind. The Court sees little reason to upset that sentencing determination now.

An appropriate Order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.