IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> JAMES PRAY | CRIMINAL ACTION <br> NO. 14-55-1 |

**PAPPERT, J.**                                                                                                  **July 14, 2022**

## MEMORANDUM

James Pray seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) for a second time. The Court denies his motion because extraordinary and compelling reasons do not warrant his release and, in any event, the factors under 18 U.S.C. § 3553(a) counsel against granting relief.

I

A

The factual and procedural history of Pray's case is detailed in the Court's Memorandum denying his earlier motion seeking release. (ECF 173). In short, Pray and his co-conspirators held employees and customers at gunpoint while robbing one restaurant and then attempting to rob another. (*Id.*) Pray was sentenced to 142 months imprisonment after pleading guilty to one count of Hobbs Act robbery, one count of attempted Hobbs Act robbery and one count of brandishing, using and carrying a firearm during and in relation to a crime of violence. (Guilty Plea Agreement, ECF 97.) He has served approximately 102 months of his sentence and received around 14 months of credit for good conduct, for about 116 months of total time served. (Gov't Resp., ECF 179 at 1.) His minimum release date is January 24, 2024. (*Id.*)

B

Pray requests release based on the threat of COVID-19 although he tested positive for the virus and recovered in December 2020 and again in January 2022. (Gov't Ex. A, ECF 180 at 2-16, 49.) He states that he has an elevated body mass index and high blood pressure and references a history of cigarette smoking.[1] (Second Mot. for Release, ECF 177 at 1, 14.) His medical records show he weighs 180 pounds and is five feet and eleven inches tall, with a BMI that qualifies him as mildly overweight. (Gov't Ex. A, ECF 180 at 23.) He has hypertension but had stable blood pressure after he chose to stop taking medication offered to treat the condition. (*Id.* at 17.) Since Pray filed his first motion for compassionate release, the only material change in his circumstances is his refusal to be vaccinated against COVID-19. (*Id.* at 36, 54.)

II

A

A district court may reduce an inmate's sentence as a form of compassionate release only if it finds that (1) extraordinary and compelling reasons warrant such a reduction; (2) the sentencing factors set forth in § 3553(a), to the extent they are applicable, warrant a reduction; and (3) the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Relevant § 3553(a) factors a court must consider include the "nature and circumstances of the offense," "the history and characteristics of the defendant," and the "need for the sentence imposed – to reflect the seriousness of the offense, . . . promote respect for the law, . . . provide just punishment for the offense" and "protect the public from further

---

[1] In his first motion, he reported smoking marijuana daily from age 13 to 20. (First Mot. for Release, ECF 167 at 5.)

crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2)(A), (C). The applicable Sentencing Commission policy statement requires a court to determine a defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g)" prior to release. U.S.S.G. § 1B1.13.

B

Pray's motion presents no new circumstances warranting compassionate release under 18 U.S.C. § 3582(c)(1)(A). He complains about the efforts to contain the spread of the virus at FCI Danbury. (Second Mot. for Release, ECF 177 at 5-6.) Yet "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). At a minimum, Pray must identify some condition that puts him at particular risk. *See United States v. Ulmer*, No. 18-00579-3, 2021 WL 844579, at *1 (E.D. Pa. Mar. 5, 2021). He has not.

Since Pray previously contracted and recovered from COVID-19, he cannot show that continued exposure to the virus puts him at risk of serious harm. *Garrett v. Murphy*, 17 F. 4th 419, 433 (3d Cir. 2021) (holding an inmate could not show an imminent risk of serious physical injury from continued exposure to COVID-19 after he contracted the virus and was "[p]rotected by natural immunity"). Moreover, he offers no medical justification for refusing the COVID-19 vaccine. *United States v. Paris Church*, No. 21-1840, 2021 WL 5632062, at *2 (3d Cir. Dec. 1, 2021) (holding "otherwise compelling medical reasons for release" were negated by an inmate's "unexplained refusal to accept a COVID-19 vaccination when offered"); *United States v. Riddick*, No. 95-73-1, 2022 WL 138074, at *4 (E.D. Pa. Jan. 14, 2022) (finding no extraordinary

circumstances where "[t]he current vaccines are also expected to protect against severe illness, hospitalization and deaths due to infection with the newer Omicron variant"); *United States v. Ortiz*, No. 18-264, 2021 WL 1422816, at *3 (E.D. Pa. Apr. 15, 2021) ("[The defendant's] refusal to be vaccinated in the absence of a legitimate medical justification is fatal to his motion for compassionate release."); *see also United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("The federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective.")

Even if Pray's latest argument was enough to show an extraordinary circumstance justifying his release, the 3355(a) factors still weigh against granting relief. Reconsideration does not change the Court's prior conclusion that he remains a danger to the community and an early release would fail to provide just punishment for his crimes. (*See* ECF 173 at 7.)

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.
